IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02000-CMA-KLM

BIRINDER KAUR SHANKAR,

    Plaintiff,

v.

WELLS FARGO BANK NA,

    Defendant.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss Pursuant to Rule 12(b)(6), Or in the Alternative, Motion for A More Definite Statement Pursuant to Rule 12(e)** [#13][1] (the "Motion"). Plaintiff filed a Response [#15], *see Minute Order* [#17], and Defendant filed a Reply [#18]. For the reasons discussed below, the Motion [#13] is **GRANTED** to the extent that Defendant seeks relief under Fed. R. Civ. P. 12(e) and **DENIED without prejudice** to the extent that Defendant seeks relief under Fed. R. Civ. P. 12(b)(6).

## I. Background

Plaintiff is a former employee of Defendant and asserts that Defendant repeatedly directed Plaintiff to commit unethical practices. *Compl.* [#1] at 3. Defendant then allegedly

---

[1] "[#13]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

terminated Plaintiff's employment for refusal to commit these practices and on the basis of Plaintiff's age, sex, race, and national origin. *Id.* Plaintiff seeks a letter of apology from Defendant, eligibility to be rehired by Defendant with back pay and benefits, $113,000,000 "for 113 days of extreme harassment that Plaintiff encountered at the workplace," and an additional $4,000,000 "for the continued emotional distress that this experience has caused . . . beyond the termination date." *Id.* at 5.

## II. Legal Standard

Fed. R. Civ. P. 12(e) provides, in relevant part: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A motion pursuant to Fed. R. Civ. P. 12(e) is generally disfavored by the Court. *Daley v. Reg'l. Transp. Dist.*, 142 F.R .D. 481, 485 n.3 (D. Colo. 1992). As such, it is rarely granted unless the complaint is "so excessively vague and ambiguous as to be unintelligible" or defendant would be prejudiced in its attempt to answer it. *Greater N.Y. Auto. Dealers Ass'n. v. Env't. Sys. Testings, Inc.*, 211 F.R.D. 71, 76 (E.D.N.Y. 2002) (citation omitted).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must provide fair notice to the defendant sued of what the claims are and the grounds supporting such claims, *Twombly*, 550 U.S. at 555, and allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 1480 (10th Cir. 1989). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative

level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). A complaint that does not meet these requirements may be subject to dismissal pursuant to Fed. R. Civ. P. 12.

In addition, Fed. R. Civ . P. 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8. A complaint that does not comply with this may also be subject to dismissal.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a pro se litigant's advocate. *See Hall*, 935 F.2d at 1110.

### III. Discussion

The Tenth Circuit encourages district courts to "helpfully advise a pro se litigant that, to state a claim in federal court, a complaint must explain what each defendant did to him or her, when the defendant did it, how the defendant's action harmed him or her, and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Lazarov v. Kimmel*, No.10-cv-01238-CMA, 2010 WL 2301749 (D. Colo. June 8, 2010). Plaintiff's Complaint fails to clearly articulate the specific legal allegations he is making against Defendant and the corresponding basic factual details. For example, while Plaintiff purports to bring claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, he fails to provide the date when his employment began or was terminated. Plaintiff also fails to

provide information regarding whether he is a member of a protected class or how he engaged in opposition to an alleged unlawful employment practice. *See. e.g.*, 42 U.S.C. §§ 2000(e)-2(a)(1) (discrimination), 2000(e)-3(a) (retaliation). Attaching documents to a complaint instead of specifying factual allegations is insufficient because Rule 8 requires a plaintiff to file a "pleading" containing a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Fed. R. Civ. P. 7 defines a "pleading" to include a complaint. Fed. R. Civ. P. 7(a)(1). Fed. R. Civ. P. 7 does not define attachments to a complaint as pleadings, nor will the Court treat such attachments as pleadings. Plaintiff may not avoid Rule 8's requirement that he state his claims for relief in a pleading by attaching various documents to the form complaint provided by the Court. Plaintiff must complete the pro se complaint form, providing sufficient detail to provide Defendant with fair notice of what the claims are and the grounds supporting such claims. *Twombly*, 550 U.S. at 555. Without sufficient factual support, Defendant is unable to meaningfully answer or defend against the allegations. In short, the Complaint fails to comply with the Federal Rules of Civil Procedure and the Local Rules of Practice of the United States District Court for the District of Colorado-Civil.

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#13] is **GRANTED in part and DENIED without prejudice in part**. The Motion is **granted** to the extent that Defendant seeks relief under Fed. R. Civ. P. 12(e). The Motion is **denied without prejudice** to the extent that Defendant seeks relief under Fed. R. Civ. P. 12(b)(6).

IT IS FURTHER **ORDERED** that Plaintiff shall cure the deficiencies designated above by filing an Amended Complaint on the pro se complaint form **on or before March 27, 2015**.

IT IS FURTHER **ORDERED** that the Clerk's Office shall mail to Plaintiff a copy of the form Title VII Complaint.

IT IS FURTHER **ORDERED** that if Plaintiff fails to cure the designated deficiencies by filing an Amended Complaint by March 27, 2015, the undersigned will issue a recommendation that the Complaint and the action be dismissed.

Dated:  February 26, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge